# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GUADALUPE ACOSTA, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 05-00343-CV-W-NKL |
| ) | Crim. No. 01-00125-CR-W-NKL |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Pending before the Court is Guadalupe Acosta's ("Acosta") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. # 1]. For the reasons set forth below, the Court denies Acosta's Motion.

**I.  Background**

On July 18, 2001, Acosta pleaded guilty to aiding and abetting the possession with the intent to distribute 500 grams or more of powder cocaine. Acosta pleaded guilty pursuant to a plea agreement he entered into with the Government. In the plea agreement, Acosta agreed that he expressly waived his right to appeal his sentence and the agreement did not contain any language suggesting that Acosta had cooperated with the Government. The Government's only obligation under the plea agreement was to not file additional charges against Acosta in this jurisdiction. The Government also agreed to seek a downward departure for Acosta's acceptance of responsibility.

During the change of plea hearing, the Court inquired whether Acosta understood

1

the plea agreement and he responded that he understood "everything well" (Tr. 7:23-24). Acosta also indicated that he entered into the plea agreement voluntarily and without coercion. (Tr. 8:15-25). Regarding the Government's obligation to move for a downward departure, the Court asked:

> Q: And Mr. Acosta, this 5K motion for substantial assistance, you understand that it will be up to the Government to decide whether or not you are entitled to that?
>
> Acosta: Yes.
>
> Q: And absent that, the Court cannot force them to file that motion. You understand that?
>
> Acosta: Yes.
>
> Q: And you still want to go ahead and plead guilty to this charge?
>
> Acosta: Yes.

(Tr. 13:12-21). Acosta was represented by counsel during his change of plea hearing.

After Acosta changed his plea, the United States Probation Office prepared a presentence investigation report ("PSIR"). The PSIR attributed 8.8 kilograms of cocaine to Acosta's conduct. Based on this drug quantity, Acosta's base offense level was 32 and Acosta had a Criminal History Category of I. According to the PSIR, the sentencing range for Acosta's offense was 121 to 151 months.

The Court conducted a sentencing hearing on February 14, 2002, and Acosta was represented by counsel during his sentencing. Acosta did not object to the drug quantity contained in the PSIR; therefore, the Court attributed 8.8 kilograms to Acosta. During the

sentencing hearing, the Government did not object to Acosta receiving a downward departure for acceptance of responsibility because he had been forthcoming with investigators in his most recent interviews.  Thus, the Court reduced Acosta's base offense level by three points for his acceptance of responsibility.  After the adjusted calculation, Acosta's base offense level was 29 with a possible sentencing range of 87 to 108 months of imprisonment.  The Court sentenced Acosta to 108 months of imprisonment.

Acosta filed his pending Motion in April 2005 wherein he alleges four grounds for relief as follows: (1) the Government breached his plea agreement when it failed to inform the Court about the "full extent of cooperation"; (2) the Government's breach of the plea agreement invalidates his appeal waiver contained in the agreement; (3) his appeal waiver was unintelligent and involuntary; and (4) the Court's sentence violated the rules espoused in the Supreme Court's recent decisions *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005).

## II.     Evidentiary Hearing

On a motion to vacate, a movant is entitled to an evidentiary hearing when the facts alleged, if true, would entitle him to relief.  *Payne v. United States*, 78 F.3d 343 (8th Cir. 1996) (citations omitted).  However, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face.  *Id.*  Moreover, a district court need not hold an evidentiary hearing in a section 2255 case when the files and records conclusively show that the movant is not entitled to relief.  *See Bradshaw v. United*

3

*States*, 153 F.3d 704 (8th Cir. 1998). After reviewing the records and files, the Court concludes that all of Acosta's claims can be fully and fairly evaluated on the existing record and no evidentiary hearing is necessary.

**III.    Discussion**

    **A.    Government's Alleged Breach of the Plea Agreement**

Acosta first alleges that the Government breached the plea agreement when it did not notify the Court of his cooperation. Acosta argues that federal drug agents made "off the record" promises to him and his common law wife wherein they told him he would get a reduced sentence if he cooperated [Doc. # 1 at p. 7]. Acosta's argument implicitly recognizes that the agents' alleged promises were not formalized in the plea agreement. In fact, the plea agreement makes no mention of Acosta's cooperation or the Government's obligation to convey that cooperation to the Court. Acosta does not direct the Court to a provision of the plea agreement that has been breached and, therefore, the Court will deny this ground for relief.

    **B.    Acosta's Appeal Waiver**

Acosta's second ground for relief argues that the Government's alleged breach of his plea agreement invalidated his appeal waiver. Because the Court finds that the Government has not breached the plea agreement, the Court will also deny Acosta's second ground for relief.

Acosta's third ground for relief argues that his waiver of his appeal rights was unintelligent and involuntary. Acosta claims that his attorney gave him only a cursory

4

review of the plea agreement and that the Court did not adequately inquire about his understanding of the appeal waiver.  Acosta's allegations directly contradict the transcript from his change of plea hearing.  During the hearing, Acosta represented that he was satisfied with his counsel and that he understood the plea agreement.  Therefore, there is no basis for finding that he unknowingly waived his appeal rights.  The Court denies Acosta's third ground for relief.

    **C.**    *Blakely* **and** *Booker*

In his Motion, Acosta argues the Court should retroactively apply the rule pronounced in *Blakely* and *Booker* to his sentence.  This Court has already concluded that neither *Blakely* nor *Booker* will be applied retroactively to a habeas corpus petition under 28 U.S.C. § 2255.  *Cardile v. United States*, Case No. 05-00084-CV-W-NKL (W.D. Mo. July 11, 2005).  Also, *see Bishop v. United States*, 2004 WL 2516715 (S.D. N.Y. Nov. 8, 2004); *Lilly v. United States*, 342 F. Supp. 2d 532 (W.D. Va. 2004); *United States v. Phillips*, 2004 WL 2414819 (D. Ore. Oct. 26, 2004); *United States v. Falodun*, 2004 WL 2397612 (D. Minn. Oct. 25, 2004); *United States v. Quintero-Araujo*, 343 F. Supp. 2d 935 (D. Idaho 2004); *Carbajal v. United States*, 2004 WL 2283658 (S. D. N.Y. Oct. 8, 2004); *United States v. Dillon*, 339 F. Supp. 2d 1155 (D. Kan. 2004); *United States v. Cino*, 340 F. Supp. 2d 1113 (D. Nev. 2004); *Morris v. United States*, 333 F. Supp. 2d 759 (C.D. Ill. Sept. 1, 2004).  *See Lloyd v. United States*, 407 F.3d 608 (3rd Cir. 2005), 2005 WL 1155220 at *4 ("Every federal court of appeals to have considered [the issue] . . . has held that *Booker* does not apply retroactively to cases on collateral review."); *see also*

*Guzman v. United States*, 404 F.3d 139, 143-44 (2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005); *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 857 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005), *cert. denied*, 125 S. Ct. 2559 (2005).

Because neither *Blakely* nor *Booker* apply retroactively, the Court denies Acosta's fourth ground for relief.

## IV. Conclusion

Accordingly, it is hereby

ORDERED that Acosta's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. # 1] is DENIED.

        s/ Nanette K. Laughrey  
        NANETTE K. LAUGHREY  
        United States District Judge

DATE: August 30, 2005  
Kansas City, Missouri